# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>ORACLE CORPORATION,<br><br>    Defendant. | Case No. 6:21-cv-1023-ADA |

# SONRAI MEMORY LIMITED'S OPPOSITION
# TO ORACLE CORPORATION'S MOTION TO TRANSFER VENUE

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 1

III. LEGAL STANDARD .................................................................................................... 2

IV. ARGUMENT ................................................................................................................. 3

    A. The Private Interest Factors Weigh Against Transfer ....................................... 3

        1. The relative ease of access to sources of proof does not favor transfer ................... 3

        2. The availability of compulsory process to secure the attendance of witnesses strongly weighs against transfer .............................................................................. 5

        3. The convenience of willing witnesses does not favor transfer ................................ 8

        4. Practical considerations relating to judicial economy strongly weigh against transfer ..................................................................................................................... 9

    B. The Public Interest Factors Also Weigh Against Transfer to NDCA ......................... 11

        1. Court congestion weighs against transfer .............................................................. 11

        2. The local interest in having localized interests decided at home is neutral and does not favor transfer .......................................................................................... 12

        3. Oracle admits the other public interest factors are neutral and do not favor transfer ................................................................................................................... 13

V. CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*AGIS Software Dev. LLC v. HTC Corp.*,
   No. 2:17-CV-00514-JRG, 2018 WL 4680558 (E.D. Tex. Sept. 28, 2018) .............................. 3

*BillJCo, LLC v. Apple Inc.*,
   No. 6:21-CV-00528-ADA, 2022 WL 607890 (W.D. Tex. Mar. 1, 2022) ........................... 4, 11

*CPC Patent Techs. Pty Ltd. v. Apple Inc.*,
   No. 6:21-cv-00165-ADA, Dkt. 82 (W.D. Tex. Feb. 8, 2022) ................................. 3, 10, 11, 12

*EcoFactor, Inc. v. Google LLC*,
   No. 6-20-CV-00075-ADA, 2021 WL 1535413 (W.D. Tex. Apr. 16, 2021) ................ 5, 7, 8, 13

*EcoFactor, Inc. v. Vivint, Inc.*,
   No. 6-20-CV-00080-ADA, 2021 WL 1535414 (W.D. Tex. Apr. 16, 2021) .............................. 3

*Ethicon Endo-Surgery, Inc. v. Covidien LP*,
   826 F.3d 1366 (Fed. Cir. 2016) ................................................................................................ 12

*In re Atlassian Corp. PLC*,
   No. 2021-177, 2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) .................................................... 3

*In re Dish Network L.L.C.*,
   No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ..................................................... 8

*In re G&H Diversified Mfg., LP*,
   859 F. App'x 905 (Fed. Cir. 2021) ............................................................................................ 6

*In re Genentech Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................... 11

*In re Google Inc.*,
   412 Fed. Appx. 295 (Fed. Cir. 2011) ........................................................................................ 9

*In re Hulu, LLC*,
   No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ...................................................... 8

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010) ........................................................................................... 3, 10

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................................. 2, 9

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) ................................................................................................. 9

*In re W. Digital Techs., Inc.*,
   No. 2021-137, 2021 WL 1853373 (Fed. Cir. May 10, 2021) .................................................. 11

*In re: NetScout Sys., Inc.*,
   No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021) .................................................. 10

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) ........................................................................................ 12

*Kajeet, Inc. v. Trend Micro, Inc.*,
   No. 6:21-CV-389-ADA, 2022 WL 126490 (W.D. Tex. Jan. 12, 2022) ................................. 12

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
   No. 6:20-CV-00876-ADA, 2021 WL 5316454 (W.D. Tex. Nov. 5, 2021) ............................... 8

*Monterey Rsch., LLC v. Broadcom Corp.*,
   No. W-21-CV-00542-ADA, 2022 WL 526242 (W.D. Tex. Feb. 21, 2022) .............................. 8

*PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*,
   No. 6:11-CV-655, 2013 WL 9600333 (E.D. Tex. Mar. 21, 2013) ........................................... 9

*Rockstar Consortium US LP v. Google Inc.*,
   No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692 (E.D. Tex. Sept. 23, 2014) ........................... 4

*SynKloud Techs., LLC v. Dropbox, Inc.*,
   No. 6:19-CV-00525-ADA, 2020 WL 2494574 (W.D. Tex. May 14, 2020) ............................. 9

*Texas Data Co., LLC v. Target Brands, Inc.*,
   771 F. Supp. 2d 630 (E.D. Tex. 2011) ................................................................................. 3

## I. INTRODUCTION

Defendant Oracle Corporation ("Oracle") has failed to meet its significant burden to show that the Northern District of California ("NDCal") is clearly more convenient than this District. Oracle attempts to minimize the interest of the Western District of Texas ("WDTex") contrary to the actual facts of this case, including that (1) Oracle's "World Headquarters" are here in this District in Austin, Texas; (2) Oracle employs thousands of employees and owns hundreds of thousands of square feet of office space in Austin; (3) Oracle owns an apartment complex on its Austin campus specifically for its employees; (4) 15 prior art inventors are located here in WDTex; (5) many of Oracle's identified witnesses and documents are not even in NDCal, but rather are in Oregon and the Eastern District of California; (6) Oracle markets and sells accused products in WDTex; and (7) there are seven other cases involving the same patent and power-saving technology pending in this District.

In light of these facts, it is clear that transfer would not serve the interests of justice. Rather, transfer would simply shift any purported inconvenience from Oracle to Sonrai, and would needlessly force two different courts to decide the same exact issues and risk inconsistent rulings. But § 1404(a) is not simply a tool for defendants to obtain their preferred forum, with little to no benefit to the parties or the Court. Oracle's motion should be denied.

## II. FACTUAL BACKGROUND

On October 1, 2021, Sonrai filed suit against Oracle for direct and indirect infringement of U.S. Patent No. 8,193,792 ("'792 patent"), which generally relates to improvements in electronic circuitry in computing devices and processors. Dkt. 1. The complaint identifies servers and services utilizing Intel processors with Fully Integrated Voltage Regulators (e.g., Exadata servers

and Oracle services such as Oracle Cloud Infrastructure, Oracle Cluster Networking, and Oracle Cloud at Customer) as the instrumentalities accused of infringing the '792 patent. *Id.* ¶ 9.

Oracle is a Delaware corporation with its "World Headquarters" located at 2300 Oracle Way, Austin, Texas, 78741. *Id.* ¶¶ 3, 6. Oracle also has offices in Frisco and San Antonio, Texas. Ex. 1. Oracle has thousands of employees in Texas, and as of 2020, had 560,000 square feet of office space in Austin. Oracle also owns an apartment complex on its Austin campus for its employees. Exs. 2–3.

Intel, Oracle's supplier of the accused processors, also has a longstanding presence in this District, with offices, R&D facilities, and employees in Austin. Indeed, Intel boasts on its website that it has "invested in research and development at our Austin Design Center" for more than two decades, and that it has "more than 1,700 employees in Texas, as of January 2020." Ex. 4.

Sonrai is an Ireland company with its headquarters in Dublin, Ireland. Sonrai currently has 27 cases pending in WDTex, including another case against Oracle (Nos. 1:22-cv-00094-LY), and seven other cases concerning the '792 patent.[1] The other cases concern patents that are related to similar technologies. Sonrai does not have any offices or employees in California, and does not have any cases pending in NDCal or elsewhere in California.

III.   **LEGAL STANDARD**

To prevail on a motion to transfer under § 1404(a), there is a "***significant burden*** on the movant to show good cause for the transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314

---

[1] *Sonrai Memory Limited v. Advanced Micro Devices, Inc.*, No. 6:22-cv-00229; *Sonrai Memory Limited v. Google LLC*, No. 6:21-cv-01024; *Sonrai Memory Limited v. Amazon.com, Inc.*, No. 6:21-cv-00787; *Sonrai Memory Limited v. Dell Technologies, Inc. et al*, No. 6:21-cv-00788; *Sonrai Memory Limited v. Lenovo Group Ltd. et al*, No. 6:21-cv-00790; *Sonrai Memory Limited v. LG Electronics Inc. et al*, No. 6:21-cv-00791; *Sonrai Memory Limited v. Samsung Electronics Co., Ltd. et al*, No. 6:21-cv-00793.

2

n.10 (5th Cir. 2008) ("*Volkswagen II*")[2]; *Texas Data Co., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 638 (E.D. Tex. 2011) ("[T]he Court, in accordance with the Fifth Circuit, recognizes the significance of the burden and does not take it lightly"). This burden "falls squarely on the moving party," who cannot simply show that "the alternative venue is more convenient, but that it is ***clearly more convenient***." *EcoFactor, Inc. v. Vivint, Inc.*, No. 6-20-CV-00080-ADA, 2021 WL 1535414, at *2 (W.D. Tex. Apr. 16, 2021) (citing *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010); *Volkswagen II*, 545 F.3d at 314 n.10). "Absent such a showing, the plaintiff's choice of venue should be respected." *AGIS Software Dev. LLC v. HTC Corp.*, No. 2:17-CV-00514-JRG, 2018 WL 4680558, at *3 (E.D. Tex. Sept. 28, 2018).

In evaluating good cause for transfer, courts consider private and public interest factors, discussed below, none of which are dispositive. *EcoFactor*, 2021 WL 1535414, at *1. "[T]he court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *AGIS*, 2018 WL 4680558, at *3.

## IV. ARGUMENT

### A. The Private Interest Factors Weigh Against Transfer

#### 1. The relative ease of access to sources of proof does not favor transfer

As in most modern patent cases, the relevant documents and records in this case will consist primarily, if not exclusively, of electronically stored documents. *See CPC Patent Techs. Pty Ltd. v. Apple Inc.*, No. 6:21-cv-00165-ADA, Dkt. 82 at 5–6 (W.D. Tex. Feb. 8, 2022) (quoting *In re Atlassian Corp. PLC*, No. 2021-177, 2021 WL 5292268, at *2 (Fed. Cir. Nov. 15, 2021)) ("Although the physical location of electronic documents affects the outcome of this factor,

---

[2] All quotations cleaned up and emphases added unless otherwise noted.

'electronic storage makes documents more widely accessible.'"). Indeed, Oracle does not identify any physical documents relevant to this action.

And while the location where electronic documents are stored is nonetheless a relevant consideration under this factor, Oracle does *not* assert that its electronic documents are stored in NDCal. Instead, Oracle vaguely asserts that its "documents are generally stored electronically in internal cloud software," and that employees "maintain and access documents relating to [their] work from our offices in Santa Clara *and other locations*." Alasti Decl. (Dkt. 32-2) ¶ 7. These vague assertions should be given no weight, as the "imprecision" of these representations "encompasses a scenario in which [Oracle's] documents are not located in the NDCA at all, but are merely accessible there." *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 607890, at *3 (W.D. Tex. Mar. 1, 2022).

Oracle also failed to provide information about the location of its documents in discovery, and instead merely parroted the same vague assertions about where its documents are "maintained" and "accessed" in its interrogatory responses. Ex. 5 at 11. Oracle is either intentionally withholding this information or has not done any investigation to determine where its relevant documents are actually stored. Either way, its vague allegations are insufficient to satisfy its significant burden on a motion to transfer. *See Rockstar Consortium US LP v. Google Inc.*, No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *3 (E.D. Tex. Sept. 23, 2014) (burden not met where defendant provided "neither evidence of where its documents are *actually located* nor evidence that these documents are more available or accessible from the Northern District of California than they would be from [] Texas").

More importantly, Oracle does not dispute that its documents can also be accessed in this District. Indeed, Oracle admits that its documents are available electronically in cloud storage, and

4

thus should be easily accessible anywhere with an internet connection. It is inconceivable that Oracle's documents cannot be accessed from its "World Headquarters" in Austin.

Oracle's reliance on Intel's documents fails for the same reasons. Oracle fails to identify any relevant physical documents, fails to provide any information about where Intel's electronic documents are physically located (just that they are "accessible" in NDCal (Mot. at 4)), and fails to explain why Intel's documents cannot also be accessed from its Austin facilities. In addition, Intel's declarant admits that at least some of its documents are not even in NDCal, but rather are in Oregon. Hergott Decl. ¶ 17. Intel's documents should thus be given little if any weight in the transfer analysis. Further, the presence of any Intel documents in NDCal is at least offset by the fact that there are likely relevant documents in the possession of the numerous third parties located in this District, discussed below.

In sum, Oracle presents no evidence or argument that there are physical or electronic documents relevant to this case that are more accessible from NDCal than WDTex. Thus, the location of Oracle's and Intel's relevant documents is neutral and does not favor transfer. *See EcoFactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 WL 1535413, at *3 (W.D. Tex. Apr. 16, 2021) ("*Google*") ("Because the relevant documentary evidence identified by the parties are electronically available, which can be easily accessed from this District, the Court finds that this factor is neutral.").

### 2. The availability of compulsory process to secure the attendance of witnesses strongly weighs against transfer

Contrary to Oracle's assertions, compulsory process is not more available in NDCal than WDTex. In fact, the opposite is true, as there are numerous prior art inventors located in this District, including:

| Witness | Location[3] | Prior Art Reference |
|---|---|---|
| Alan Westwick | Austin, TX | Inventor, U.S. Patent No. 7,908,500 (Freescale) |
| Dazhi Wei | Austin, TX | Inventor, U.S. Patent No. 7,908,500 (Freescale) |
| Xiaoling Guo | Austin, TX | Inventor, U.S. Patent No. 7,908,500 (Freescale) |
| Gabriel Vogel | Austin, TX | Inventor, U.S. Patent No. 7,908,500 (Freescale) |
| Andrew Russell | Round Rock, TX | U.S. Patent Application No. 2008/0082873 (Freescale) |
| Bradford Hunter | Austin, TX | U.S. Patent Application No. 2008/0082873 (Freescale) |
| Shayan Zhang | Austin, TX | U.S. Patent Application No. 2008/0082873 (Freescale) |
| Douglas Holberg | Wimberly, TX | U.S. Patent Application No. 2007/0079148 (Silicon Labs) |
| William Durbin | Austin, TX | U.S. Patent Application No. 2007/0079148 (Silicon Labs) |
| Golam Chowdhury | Austin, TX | U.S. Patent Application No. 2007/0079148 (Silicon Labs) |
| Gordon Gammie | Austin, TX | U.S. Patent Application No. 2008/0307240 (TI) |
| Hugh Mair | Austin, TX | U.S. Patent Application No. 2008/0307240 (TI) |
| Gary Carpenter | Austin, TX | IEEE Article by IBM: A 32-bit PowerPC System-on-a-Chip With Support for Dynamic Voltage Scaling and Dynamic Frequency Scaling |
| Bishop Brock | Coupland, TX | IEEE Article by IBM: A 32-bit PowerPC System-on-a-Chip With Support for Dynamic Voltage Scaling and Dynamic Frequency Scaling |
| Tuyet Nguyen | Austin, TX | IEEE Article by IBM: A 32-bit PowerPC System-on-a-Chip With Support for Dynamic Voltage Scaling and Dynamic Frequency Scaling |

These 15 third-party witnesses all have relevant knowledge (and likely documents) regarding prior art identified by Oracle in its own invalidity contentions.[4] Yet, Oracle inexplicably fails to mention any of these witnesses in its motion, and instead only identifies a single prior art inventor purportedly located in NDCal (Xia Dai). Though Oracle states that there are "no known" third-party witnesses in this District (Mot. at 9), the above information was easily discoverable through a simple public search. Moreover, Oracle does not provide *any* evidence to support that

---

[3] *See* Exs. 6–20.
[4] The Federal Circuit has recently clarified that prior art witnesses are relevant to the transfer analysis. *See In re G&H Diversified Mfg., LP*, 859 F. App'x 905, 907 (Fed. Cir. 2021).

Mr. Dai actually resides in NDCal. Mr. Hergott's declaration vaguely asserts that he is located in the "Northern District of California," but it appears that Mr. Dai has not been an Intel employee since 2001—*over 20 years ago*. Hergott Decl. ¶ 9. It is Oracle's burden on a motion to transfer, and Oracle cannot meet that burden by cherry-picking relevant witnesses in its preferred forum and declining to investigate whether that witness actually lives in NDCal.

Oracle's other identified third-party witnesses do not tip the scales in favor of transfer. Of the nine identified Intel employees, two are in Oregon, and three are in Folsom, California, which is in the *Eastern* District of California—*not* NDCal. Hergott Decl. ¶¶ 8, 12–13, 15–16. These five witnesses are outside the subpoena power of NDCal and should be given no weight.[5]

Finally, Oracle's reliance on George Perlegos of Atmel should be given little if any weight. As CEO, it is highly unlikely that Mr. Perlegos was actually involved in the licensing and valuation of Atmel's patents. Indeed, Oracle did not even identify Mr. Perlegos or Atmel in its interrogatory response identifying potential witnesses. Ex. 5 at 5–10. Nor has Oracle given any indication that it intends to even depose Mr. Perlegos, much less call him as a witness at trial. Oracle's reliance on unidentified "other former Atmel employees" (Mot. at 5) is also insufficient and should be given no weight. *See Google*, 2021 WL 1535413, at *4 ("The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum."). Moreover, Microchip, Atmel's successor and Sonrai's exclusive licensee, is far more likely to have relevant information regarding the '792 patent. Microchip is headquartered in Arizona, not NDCal.

---

[5] As discussed below, Oracle attempts to double count the identified Intel employees under the willing witnesses factor too. This is improper. The witnesses have not been identified as willing witnesses and should thus be counted only under the compulsory process factor.

In any event, even assuming that Oracle's identified witnesses in NDCal have relevant, material knowledge about the case, they are far outnumbered by Sonrai's 15 identified third-party prior art inventors located here in WDTex. Accordingly, this factor weighs strongly against transfer.

### 3. The convenience of willing witnesses does not favor transfer

The weight of this factor is vastly overstated by Oracle and does not favor transfer to NDCal. As an initial matter, Oracle's reliance on current and former Intel employees, in addition to George Perlegos and "and other former Atmel Corp. employees," under this factor (Mot. at 6–8) must be rejected. Oracle improperly attempts to double count these Intel employees under both the compulsory process and willing witnesses factor. *See id.* at 3–5, 9–10. But the witnesses are either willing or unwilling—they cannot be both. And because Oracle has given no indication that the witnesses are willing, they are presumed to be *unwilling* and should not be counted under this factor. *See Monterey Rsch., LLC v. Broadcom Corp.*, No. W-21-CV-00542-ADA, 2022 WL 526242, at *5 (W.D. Tex. Feb. 21, 2022) (citing *In re Dish Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021)) ("when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor").

Thus, that leaves only Oracle's two identified employee witnesses in NDCal for consideration under this factor. But the "convenience of party witnesses is given little weight." *Google*, 2021 WL 1535413, at *5. And as explained by this Court, the Federal Circuit's recent holdings to the contrary are "out of step with decades of jurisprudence springing from courts in the Fifth Circuit and elsewhere." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 5316454, at *5 (W.D. Tex. Nov. 5, 2021). They

are also contrary to the Federal Circuit's (correct) observation that "an employer's cooperation in allowing an employee to testify may diminish certain aspects of inconvenience to the employee witness." *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *5 (Fed. Cir. Aug. 2, 2021). Oracle's employee witnesses should thus be given less weight under this factor, especially given that it is headquartered in Austin, and also owns an apartment complex on its Austin campus specifically for its employees. Exs. 1–3. This will mitigate any inconvenience caused by travel to this District.

Furthermore, any purported inconvenience to Oracle's employee witnesses is offset by the inconvenience to Sonrai's employee witnesses with relevant knowledge about the case. Though Sonrai is based in Ireland, it would be much more convenient for the witnesses to travel to this District in light of Sonrai's 27 cases pending in WDTex. Forcing them to travel to NDCal, where Sonrai has no other cases, would be a significant inconvenience for them. Transfer would just shift the inconvenience from Oracle to Sonrai, which defeats the purpose of § 1404(a). On balance, this factor is neutral at best.

### 4. Practical considerations relating to judicial economy strongly weigh against transfer

In considering transfer, courts "must consider all other practical problems that make trial of a case easy, expeditious and inexpensive." *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *5 (W.D. Tex. May 14, 2020) (quoting *Volkswagen II*, 545 F.3d at 314). "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-CV-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). Indeed, the Federal Circuit has made clear that the "existence of multiple lawsuits involving the same issues is a ***paramount consideration*** when determining

9

whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen I*"); *see also In re Google Inc.*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective."); *Vistaprint*, 628 F.3d at 1346 n.3 ("[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." ).

Here, there are seven other cases concerning the '792 patent. There can be no question that all of these cases involve substantial overlap in issues of fact and law, including claim construction, validity, conception, reduction to practice, and damages issues, to name a few. And as recognized by this Court, "[k]eeping these cases together promotes judicial efficiency and allows this Court to coordinate similar issues in Markman, invalidity, infringement, and trial." *CPC*, Dkt. 82 at 13.

Though most of the cases have been stayed pending parallel ITC proceedings, it would still be far more efficient to have one court—this Court—decide all the issues related to the '792 patent, instead of forcing Sonrai to litigate in two jurisdictions and having two different courts decide the same issues. It would also eliminate the risk of inconsistent rulings. That Google, who has had a substantial—and rapidly expanding—presence in Austin for 15 years, has also filed a motion to transfer is irrelevant. That opposed motion is still pending, and Sonrai believes it should be denied in light of Google's substantial connections to this District, as well as the 15 prior art inventors located here, among other reasons. Moreover, Google's motion was filed after the complaint in this case was filed, and the Federal Circuit has rejected "reliance on considerations of judicial economy arising after the filing of the lawsuit or the transfer motion as irrelevant to the analysis."

10

*In re: NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at *4 (Fed. Cir. Oct. 13, 2021). Oracle's speculation about other defendants possibly filing motions to transfer after the stays are lifted fails for the same reasons.

Accordingly, this factor strongly weighs against transfer.

### B. The Public Interest Factors Also Weigh Against Transfer to NDCA

#### 1. Court congestion weighs against transfer

This factor concerns "[t]he speed with which a case can come to trial and be resolved." *BillJCo*, 2022 WL 607890, at *8 (citing *In re Genentech Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)). And here, there can be no reasonable dispute that this case can come be brought to trial much faster than in NDCal. For example, the median time to trial before this Court is 729 days, which is 191 days faster than NDCal. Exs. 21, 22; *see also* Federal Court Management Statistics, *available at* https://www.uscourts.gov/file/41290/download. In denying another recent motion to transfer, this Court has also relied on statistics showing that "the average time to trial in patent cases in the NDCA is now 45.2 months but 25.9 months in this District," which is "consistent with data showing that this Court has brought patent cases to trial in approximately two years." *BillJCo*, 2022 WL 607890, at *8; *see also CPC*, Dkt. 82 at 15 ("[P]atent cases in NDCA expect to go to trial nearly three and a half years after the filing of the complaint."). And perhaps even more critically, due to COVID-19-related closures, the NDCal has only managed to bring *one* patent case to trial in the past three years, whereas this Court has conducted *thirteen* trials. Exs. 21, 22. This "clear disparity in the time-to-trial statistics [] show that this factor disfavors transfer." *Broadcom*, 2022 WL 526242, at *15; *see also In re W. Digital Techs., Inc.*, No. 2021-137, 2021 WL 1853373 (Fed. Cir. May 10, 2021) (upholding transfer denial where this Court found that "the Western District of Texas was likely to be faster in adjudicating the matter than the Northern District of California").

Oracle's assertion that this factor is neutral is completely unsupported. Oracle points to no specific statistics or other evidence showing that the time to trial in NDCal will be similar to this District. Instead, Oracle merely asserts that this Court "has a very large number of patent cases." Mot. at 12. But as this Court recently held in denying transfer to NDCal, "[t]his Court has demonstrated its ability to quickly reach trial beyond speculation, even with a large case load." *CPC*, Dkt. 82 at 15. The *Apple* decision cited by Oracle (Mot. at 12) was decided several months ago (the underlying motion was filed over a year ago in November 2020) and does not provide any specific evidence regarding the relative times to trial.

Further, Oracle's suggestion, in a footnote, that the Court should simply ignore this factor because it has been infringing Sonrai's patent since 2013 (Mot. at 12 n.2) also fails. Sonrai was assigned the '792 patent from Microchip in 2019. Sonrai and Microchip, who has an exclusive license to practice the '792 patent, are substantially and irreparably harmed by Oracle's continued infringement of the '792 patent. Further, "[r]apid disposition of this case is important given the Federal Circuit's longstanding sentiment that 'recognition must be given to the strong public policy favoring expeditious resolution of litigation.'" *Kajeet, Inc. v. Trend Micro, Inc.*, No. 6:21-CV-389-ADA, 2022 WL 126490, at *7 (W.D. Tex. Jan. 12, 2022) (citing *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989), *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016)).

Accordingly, this factor is not neutral. It weighs against transfer.

### 2. The local interest in having localized interests decided at home is neutral and does not favor transfer

Contrary to Oracle's assertions, this District has just as much of an interest in this case as NDCal. There is no dispute that the accused products are marketed and sold here in WDTex. Further, Oracle is headquartered here in this District, has thousands of employees in Austin and

throughout Texas, and owns hundreds of thousands of square feet of office space in Austin. *See* Exs. 1–3, Ex. 23 (Oracle job listings showing 542 available jobs in Austin, including 228 in "Product Development"). Intel, Oracle's third-party supplier of the accused processors, also has a substantial and longstanding presence in this District, with offices, R&D facilities, and employees in Austin. Indeed, Intel boasts on its website that it has "invested in research and development at our Austin Design Center" for more than two decades, and that it has "more than 1,700 employees in Texas, as of January 2020." Ex. 4. Further, Oracle admits that at least some of Intel's relevant employees and design and development did not occur in NDCal at all, but rather in Oregon.

Thus, contrary to Oracle's assertions, this Court has at least as much of an interest in this case as NDCal. This factor is neutral at best. *See Google*, 2021 WL 1535413, at *6 (finding this factor neutral and denying transfer based on findings that defendant Google had a "substantial presence in Austin" and "leased significant square feet in office space and currently employs over 1,400 employees in Austin, with plans to expand its presence in Texas even further").

### 3. Oracle admits the other public interest factors are neutral and do not favor transfer

Oracle admits that the factors regarding the familiarity of the forum with the governing law and the avoidance of conflicts of laws are neutral and do not favor transfer. Mot. at 12–13.

## V. CONCLUSION

As discussed above, all of the relevant transfer factors are either neutral or weigh against transfer. Oracle has thus failed to meet its burden to show that NDCal is clearly more convenient than this District, and its motion to transfer should be denied.

| Dated: April 12, 2022 | Respectfully submitted, |
|---|---|
| | */s/ Amy E. Hayden* |

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Jacob R. Buczko (CA SBN 269408)
jbuczko@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Amy E. Hayden (CA SBN 287026)
ahayden@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
David T. Shackelford (CA SBN 318149)
dshackelford@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

**Attorneys for Plaintiff Sonrai Memory Limited**

# CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 12, 2022 with a copy of this document via the Court's ECF system.

*/s/ Amy E. Hayden*
Amy E. Hayden